UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
  KRYSTAL P. CHARLES,                                        :
                                                             :
                                   Plaintiff,                :     **MEMORANDUM DECISION AND**
                                                             :     **ORDER**
                    - against -                              :
                                                             :     25-cv-6219 (BMC)
  THE CITY OF NEW YORK,                                      :
                                                             :
                                   Defendant.                :
                                                             :
------------------------------------------------------------ X

**COGAN**, District Judge.

Plaintiff sustained a workplace injury while employed at the New York City Department

of Correction ("DOC") and was approved for sick leave.  While on sick leave, she attempted to

engage in an interactive process with DOC to facilitate her return to work with accommodations,

but DOC ignored her.  DOC ultimately recommended plaintiff's termination after she had been

on sick leave for over a year, missing over 200 days of work.  Following an administrative

hearing a year later, plaintiff was terminated.

Plaintiff now brings claims for disability discrimination and retaliation under the

Americans with Disabilities Act ("ADA"), the New York State Human Rights Law

("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").[1]

Before the Court is defendant's motion to dismiss.  The Court finds that plaintiff fails to

state a claim under the ADA but grants plaintiff leave to amend to cure the identified

---

[1] Plaintiff withdrew her Seventh Cause of Action, "Unlawful retaliation under New York Labor Law § 215," on January 29, 2026, after the initial status conference.  Plaintiff agreed to dismissal of her Eighth Cause of Action, "Wrongful termination," in her opposition to defendant's motion to dismiss.

deficiencies.  Until the Court determines whether plaintiff's ADA claims will go forward, the Court withholds judgment on whether it will exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims.

### SUMMARY OF COMPLAINT

Plaintiff worked at DOC for twelve years before she was terminated.  She held various positions, including Assistant Deputy Warden and Correction Captain, and received satisfactory or better-than-satisfactory job performance ratings and reviews during her employment.

In February 2021, plaintiff sustained significant injuries to her neck and spinal cord after an inmate threw toilet water in her face and caused her to abruptly wrench her neck.  Plaintiff subsequently requested sick leave (for how long is unclear), which DOC's Health Management Division approved.  A month later, DOC demoted plaintiff from Assistant Deputy Warden to Captain.  An unidentified amount of time after that, DOC demoted plaintiff to Officer.

In an effort to return to active employment, plaintiff communicated several requests for reasonable accommodation while she was on sick leave.  Plaintiff does not say when she made these requests or identify what accommodations she requested.  In fact, it appears from plaintiff's opposition (and counsel's representations at the initial status conference) that plaintiff may not have requested accommodations *per se* but rather an opportunity to engage in "the required interactive process" – the first step, so to speak, in requesting/providing a reasonable accommodation.[2]  However, DOC ignored plaintiff's requests and failed to engage in the interactive process.

---

[2] Under the NYSHRL and NYCHRL, "the first step in providing a reasonable accommodation is to engage in a good faith interactive process that assesses the needs of the disabled individual and the reasonableness of the accommodation requested."  Hosking v. Mem'l Sloan-Kettering Cancer Ctr., 186 A.D.3d 58, 62-63, 126 N.Y.S.3d 98 (2020) (citation omitted).  The ADA likewise "envisions an 'interactive process' by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated."  Jackan v. New York State Dep't of Lab., 205 F.3d 562, 566 (2d Cir. 2000).  Whether an employer's failure to engage in the interactive

On May 26, 2022, DOC proposed that plaintiff be terminated for excessive absenteeism, as she reported sick in excess of 200 days from March 20, 2021, through April 30, 2022; plaintiff maintains that she was out of work on "properly approved sick leave." On May 10, 2023, after an administrative hearing in February and March 2023, plaintiff was terminated. The New York City Civil Service Commission affirmed plaintiff's termination on appeal in July 2025. A few months later, plaintiff filed charges of employment-based discrimination with the New York State Division of Human Rights and the Equal Employment Opportunities Commission ("EEOC"). Plaintiff received a Right to Sue Notice from the EEOC in August 2025, and thereafter timely commenced the instant action.

## DISCUSSION

### I.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the Court must "constru[e] the complaint liberally, accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017) (quoting Chase Grp. All. LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010)).

### II.    Disability Discrimination under the ADA

Disability discrimination claims "may be brought under a theory of adverse employment action or of failure to provide reasonable accommodation." Kirkland-Hudson v. Mount Vernon

process constitutes a viable claim for disability discrimination under the ADA is a separate issue which the Court addresses later in its decision.

3

City Sch. Dist., 665 F. Supp. 3d 412, 457 (S.D.N.Y. 2023) (citing McMillan v. City of New York, 711 F.3d 120, 125-26 (2d Cir. 2013)).  Here, plaintiff brings claims of disability discrimination under both theories.

### A.      Adverse Employment Action Theory

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to ... terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a *prima facie* case of employment discrimination under the ADA, a plaintiff must ultimately prove that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability."  Richards v. Dep't of Educ. of City of New York, No. 21-cv-338, 2022 WL 329226, at *13 (S.D.N.Y. Feb. 2, 2022) (quoting Kinneary v. City of New York, 601 F.3d 151, 156 (2d Cir. 2010)).  However, "[a]t the pleading stage, a plaintiff 'need only give plausible support to a minimal inference of discriminatory motivation' and 'need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination.'"  Id. (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)).

Defendant's primary argument is that plaintiff does not sufficiently plead that she was qualified to perform the essential functions of her job, with or without an accommodation.  Indeed, plaintiff simply pleads the element, stating that she "is/was and remains qualified to perform the essential functions of her job, with or without reasonable accommodation."  She does not identify the essential functions of her job or indicate how an accommodation would

4

enable her to perform those essential functions.  The fact that plaintiff received satisfactory reviews before her injury is irrelevant for analyzing the adverse actions that occurred after her injury.  See Messer v. Bd. of Educ. of City of New York, No. 01-cv-6129, 2007 WL 136027, at *11 (E.D.N.Y. Jan. 16, 2007).  After all, "the 'otherwise qualified' inquiry asks whether the plaintiff *will* be able to do the job," Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003) (emphasis added), not whether she *was* able to do her job prior to her injury.  Additionally, plaintiff took substantial sick leave – over 200 days of it – and "[a]n individual is not qualified for [her] position if [she] is unable to come to work."  Mazza v. Bratton, 108 F. Supp. 2d 167, 175 (E.D.N.Y. 2000) (collecting cases).

Plaintiff pleads the third element of her *prima facie* case only in conclusory fashion. Thus, her adverse employment action claim under the ADA fails.

### B.    Failure-to-Accommodate Theory

To state a failure-to-accommodate claim under the ADA, a plaintiff must plead that: "(1) [she is a person] with a disability under the meaning of the statute ... ; (2) an employer covered by the statute had notice of the disability; (3) with reasonable accommodation, [she] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations."  Gahfi v. New York City Dep't of Educ., No. 23-cv-1782, 2025 WL 675933, at *11 (E.D.N.Y. Feb. 28, 2025) (citation omitted).

Like plaintiff's adverse action claim, plaintiff's failure-to-accommodate claim fails because she does not identify the essential functions of her job or the accommodation she requested, nor does she plausibly allege that whatever accommodation she *did* request would have allowed her to perform those essential functions.  Plaintiff's allegations are conclusory, and do not suffice to state a claim.  See, e.g., Lewis v. R.L. Vallee, Inc., No. 24-1438, 2025 WL

1077412, at *2 (2d Cir. Apr. 10, 2025) (summary order) (affirming dismissal of failure-to-accommodate claim where plaintiff "d[id] not explain what specific accommodation he sought, how that accommodation would have allowed him to perform essential job functions, or how [defendant] denied him such an accommodation"); Stanley v. Phelon, No. 23-731, 2024 WL 1453872, at *5 (2d Cir. Apr. 4, 2024) (summary order) (affirming dismissal of failure-to-accommodate claim where plaintiff "d[id] not describe the particulars of his responsibilities" such that the court "could draw the inference that he could perform his job at home").

The Court must also note that "an employer's failure to engage in a sufficient interactive process does not form the basis of a claim under the ADA ... unless she also establishes that, at least with the aid of some identified accommodation, she was qualified for the position at issue." McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 101 (2d Cir. 2009).  At the dismissal stage, plaintiff certainly doesn't have to "establish" anything, but she has to at least plead it.  As explained earlier, plaintiff has not adequately pled that she was qualified for the position at issue, with or without an accommodation.

Plaintiff therefore fails to state a claim for failure to accommodate under the ADA.

## III.   <u>Retaliation</u>

"To state a [retaliation] claim under the ADA, ... a plaintiff must allege that [she] engaged in protected activity of which [her] employer was aware, that the employer took adverse action against [her], and that the two were causally linked." Deering v. City of New York, No. 21-cv-3601, 2023 WL 3997261, at *6 (E.D.N.Y. June 14, 2023).  "A causal link requires (1) direct proof of retaliatory animus directed against the plaintiff; (2) disparate treatment of similarly situated employees; or (3) that the retaliatory action occurred close in time to the protected activities." Id. (internal quotation marks and citation omitted).  Plaintiff has offered no

6

allegations of retaliatory animus or disparate treatment, which leaves temporal proximity as her only avenue for pleading causation.

Plaintiff alleges that DOC terminated her in retaliation for her requests for reasonable accommodation. But it is impossible to assess the temporal proximity between her requests and her termination because she does not say when she made these requests, only that she made them during her substantial sick leave. In the absence of any allegations of retaliatory animus or disparate treatment, plaintiff's retaliation claim thus fails for lack of causation.[3]

Plaintiff therefore fails to state a claim for retaliation under the ADA.[4]

## IV.    Leave to Amend

Plaintiff has requested leave to amend under Federal Rule of Civil Procedure 15(a) to cure any pleading deficiencies. The Court hesitates to grant this request for two reasons. First, plaintiff was on notice of the deficiencies in her complaint before defendant filed its motion to dismiss. In the joint letter that the parties submitted in advance of the initial status conference, defendant previewed the arguments that it would make in its motion to dismiss. Then, at the initial status conference, the Court discussed defendant's anticipated motion to dismiss, expressed its doubts with respect to certain of plaintiff's claims, and directed plaintiff to determine whether she wanted to withdraw any of her claims before defendant filed its motion.

---

[3] In her opposition to defendant's motion to dismiss, plaintiff adds two retaliatory adverse actions: her demotion and her suspension. There is no allegation in the complaint that plaintiff was suspended, so the Court will not consider suspension as an adverse action. As for the demotion, the complaint implies that plaintiff requested reasonable accommodations sometime *after* her demotion, so her requests could not possibly have caused her demotion.

[4] Defendant reveals that plaintiff submitted a formal request for a reasonable accommodation on February 13, 2023, and submits the document for the Court's consideration. Even if plaintiff had explicitly premised her retaliation claim on that protected activity (thus answering the threshold question of when the protected activity occurred), her claim would fail for lack of causation. DOC proposed plaintiff's termination back in May 2022, nine months earlier. Plaintiff's termination was the result of progressive discipline that began before she made her request for reasonable accommodation. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001), as amended (June 6, 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").

In response to the Court's order, plaintiff withdrew her New York Labor Law claim but declined to amend the rest of the complaint.  "Generally, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend."  Turnipseed v. Simply Orange Juice Co., No. 20-cv-8677, 2022 WL 657413, at *8 (S.D.N.Y. Mar. 4, 2022) (collecting cases); see also Twohig v. Shop-Rite Supermarkets, Inc., 519 F. Supp. 3d 154, 168 (S.D.N.Y. 2021) (denying leave to amend where plaintiffs had "already amended once, after having the benefit of a pre-motion letter from [d]efendant stating the grounds on which they would move to dismiss, ... as well as the Court's observations during the pre-motion conference").

Second, plaintiff "fails to specify ... how amendment would cure the pleading deficiencies in [her] complaint," which is reason enough alone to deny leave to amend.  See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014).  Without any indication as to how plaintiff will fix her complaint, the Court cannot determine whether giving her the opportunity to try will be an exercise in futility and a waste of time for all.

Despite its reservations, the Court grants plaintiff's request for leave to amend because there are several deficiencies that, *if* curable, can be easily cured.  As the Court has pointed out several times, the complaint is lacking in specificity in ways that are fatal to plaintiff's ADA claims.  Notwithstanding, this type of flaw at least presents a reasonable possibility that plaintiff could salvage her complaint through more artful pleading.  Cf. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  In her amended complaint, plaintiff must identify, at minimum: the essential functions of her job; the date(s) on which she requested reasonable accommodations and what

those accommodations were; and why those accommodations would have allowed her to perform the essential functions of her job.[5]

## V.   NYSHRL and NYCHRL Claims

Subsection (c)(3) of the supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that a court may decline to exercise supplemental jurisdiction over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." The Court withholds judgment on whether it will exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims until it determines whether plaintiff's ADA claims will go forward.

## CONCLUSION

The Court grants defendant's motion to dismiss plaintiff's ADA claims and reserves ruling on plaintiff's NYSHRL and NYCHRL claims. Plaintiff shall file an amended complaint remedying the deficiencies in her ADA claims within 10 days.

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 12, 2026

---

[5] Plaintiff should be mindful of relying on the February 13, 2023 reasonable accommodation request for her discrimination claims. Defendant submitted the request with its motion to dismiss, and it includes a letter from plaintiff's medical provider indicating that she was "unable to work in a prison environment" "indefinitely." The Court did not consider this document for purposes of defendant's motion to dismiss because it was not integral to the complaint. But having this information before it now, and absent any objection by plaintiff that the documents are inauthentic or don't mean what they say, the Court is skeptical that the February 13, 2023 request could form the basis of a discrimination claim since it implies that plaintiff could *not* perform the essential functions of her job with an accommodation.